IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN R. GIPSON, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0601-WS-C |
| | ) |
| MARK A. MATTOX, | ) |
| | ) |
|     Defendant. | ) |

# ORDER

This matter comes before the Court on defendant's Motion to Dismiss or Alternatively to Stay (doc. 8). The Motion has been briefed and is ripe for disposition.

**I.  Background.**

On October 17, 2005, plaintiffs Bryan R. Gipson ("Gipson") and Chem Technologies of Mississippi, Inc. ("ChemTech") filed a Complaint for Declaratory Judgment and Relief Pursuant to 35 U.S.C. § 256 (doc. 1) in this District Court. The Complaint alleges that the United States Patent and Trademark Office wrongfully issued U.S. Patent No. 6,866,048 (the "'048 Patent") to defendant Mark A. Mattox ("Mattox") on or about March 15, 2005.[1] According to the Complaint, Gipson developed the formula for the '048 Patent on his own, prior to being employed by Mattox's company; however, Mattox applied for and received the '048 Patent, allegedly by concealing and misrepresenting material facts. (Complaint, ¶¶ 8-10.) It is further alleged that Gipson has assigned all of his interests in the invention that is the subject of the '048 Patent to plaintiff ChemTech. (*Id.*, ¶ 12.)

Based on these allegations, Gipson and ChemTech request the following relief: (a) a declaration that Mattox improperly obtained the '048 Patent and is not the inventor of the formula at issue; (b) a declaration invalidating any assignment of the '048 Patent by Mattox or

---

[1] According to plaintiffs, the '048 Patent "is for the formula of a liquid compound used to clean iron sulfide deposits from pipelines and other conduits." (Complaint, ¶ 7.)

anyone else; (c) a declaration invalidating any contracts, agreements or commitments by Mattox concerning manufacture, use or sale of the invention; (d) an order pursuant to 35 U.S.C. § 256, directing the U.S. Patent and Trademark Office to correct the '048 Patent by substituting Gipson for Mattox as its inventor; and (e) an award of attorney's fees.

This action is neither the first nor the only litigation among these parties concerning the underlying invention. In January 2003, Southern Water Management, Inc. (a company apparently owned by Mattox) filed suit in the Circuit Court of Baldwin County, Alabama against Gipson, ChemTech and various other defendants, alleging, *inter alia*, that Gipson willfully and maliciously misappropriated trade secrets belonging to Mattox's firm, in violation of the Alabama Trade Secret Act, Ala. Code §§ 8-27-1 *et seq.*, and an employment agreement.[2] The purported trade secrets are characterized in the State Court Action as "processes, formulae, applications and inventions for the treatment and elimination of black powder / iron sulfide deposits in both fluid and gas pipelines." (State Court Complaint, ¶ 24.) There can be little doubt that the invention which is the subject of the '048 Patent and the trade secrets at issue in the State Court Action overlap substantially, if not completely. Southern Water Management later amended the Complaint in the State Court Action to include a state-law conversion claim.

The State Court Action briefly visited this District Court when Gipson and ChemTech filed a Notice of Removal in June 2005.[3] As grounds for removal, Gipson and ChemTech maintained that Southern Water Management's state-law conversion claim was actually a disguised claim for patent infringement under 35 U.S.C. §§ 271 *et seq.*, and that this claim would require resolution of substantial issues of federal patent law. On September 19, 2005, Senior District Judge Hand remanded the State Court Action back to Baldwin County Circuit Court on the ground that the conversion claim did not allege conversion of the chemical formula/process that is the subject of the '048 Patent and therefore did not implicate federal patent law. The State Court Action remains pending at this time.

---

[2] That case is styled *Southern Water Management, Inc., et al. v. Bryan Gipson, et al.*, CV-2003-117. For brevity's sake, it will be referred to herein as the "State Court Action."

[3] The removed incarnation of the State Court Action was styled *Southern Water Management, Inc., et al. v. Bryan Gipson, et al.*, Civil Action No. 05-0357-BH-C.

**II.     Analysis.**

Defendant Mattox now requests that this action be dismissed for want of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P.[4] As grounds for his Motion, Mattox presents the following arguments: (a) the underlying dispute concerns ownership of certain technologies and is a state-law issue; (b) that dispute is and has been for three years the subject of state court litigation; (c) Judge Hand previously remanded the State Court Action based on a determination "that the parties['] underlying dispute was a matter for the state court" (Motion, ¶ 5); (d) Gipson and ChemTech have engaged in creative pleading to remedy their failure to assert a timely compulsory counterclaim in the State Court Action; and (e) the mere presence of a patent does not create an issue of patent law.  The Court finds all of these contentions to be lacking in merit.

Federal subject matter jurisdiction plainly exists here.  On its face, the Complaint asks the Court to declare that the '048 Patent was improperly obtained by Mattox, and specifically invokes the procedure set forth in 35 U.S.C. § 256 for correcting the name of an inventor on an issued patent.[5] These claims fall squarely within federal patent jurisdiction, which vests federal district courts with original jurisdiction "of any civil action arising under any Act of Congress relating to patents ....  Such jurisdiction shall be exclusive of the courts of the states in patent ... cases." 28 U.S.C. § 1338(a).  For § 1338(a) purposes, an action arises under an Act of Congress relating to patents "where the complaint includes allegations either that federal patent law creates

---

[4]     The Motion also cites Rule 12(b)(3) as a basis for dismissal.  That rule sets forth a defense of improper venue; however, nothing in Mattox's filings suggests any impropriety with this venue.  Mattox neither argues nor suggests that this action would be more appropriately litigated in a different federal court sitting in a different district; rather, he asserts that this action belongs in state court, not federal court.  That objection is not properly framed in venue terms. Venue unquestionably is proper in this judicial district, given the apparent lack of dispute that Mattox is an individual residing in Baldwin County, Alabama, which lies within this district. *See* 28 U.S.C. § 1391(b) (stating that venue is proper in any "judicial district where any defendant resides, if all defendants reside in the same State").

[5]     That statute provides that when a patent names persons who are not inventors, "[t]he court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly." 35 U.S.C. § 256.

the cause of action or that federal patent law is a necessary element of the claim or that some right or interest will be defeated or sustained by a particular construction of federal patent law." *Franchi v. Manbeck*, 947 F.2d 631, 633 (2nd Cir. 1991); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (in § 1338(a) context, a case "arises under" patent law if well-pleaded complaint establishes "either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law"). The well-pleaded complaint in this case unambiguously alleges that federal patent law (specifically 35 U.S.C. § 256) creates the cause of action; therefore, federal jurisdiction is not only proper over the Complaint, but it is also exclusive.[6] Gipson and ChemTech could not have brought this claim in the State Court Action; rather, federal district court is the only forum in which it could have been presented.

In arguing for dismissal, Mattox does not call into question any of the foregoing reasoning. He does not argue that § 1338(a) is inapplicable. He does not assert that the well-pleaded complaint fails to establish a substantial question of patent law. Instead, he proffers a panoply of equitable contentions that do not militate against the existence of subject matter jurisdiction here. First, plaintiff asserts that the "underlying dispute" concerns state law

---

[6] Mattox correctly points out that the mere presence of a patent, without more, does not create a substantial issue of patent law triggering § 1338(a) jurisdiction. *See Consolidated World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265 (Fed. Cir. 1987) ("[A]s this court has repeatedly said, the mere presence of a patent issue cannot of itself create a cause of action arising under the patent laws."). For the reasons identified above, however, the well-pleaded complaint in this case does far more than identify the existence of a patent. Indeed, the focal point of the Complaint is not whether there was a breach of a contract or a misappropriation of trade secrets (which issues are not substantial questions of patent law), but is instead whether this Court should order the Director of the U.S. Patent and Trademark Office to correct the '048 Patent to identify an inventor other than Mattox. Under any reasonable construction, that claim presents a substantial question of federal patent law. *See MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989) ("Is a suit in district court for determination of co-inventorship and correction of a patent under 35 U.S.C. § 256 permissible, and is it an action "arising under" the patent laws for purposes of 28 U.S.C. § 1338(a) so that we have jurisdiction under 28 U.S.C. § 1295(a)(1)? The answer is yes."); *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 650 (E.D. Mich. 1994) (concluding that federal subject-matter jurisdiction under § 1338(a) is triggered by claim under § 256 raising joint inventorship issue among contending co-inventors).

questions being litigated in the State Court Action.  But the centrality of state law issues in another, related lawsuit in no way forecloses the presence of substantial questions of federal patent law here.  Likewise, the primacy and pendency of the State Court Action have no bearing on the threshold question of whether federal subject matter jurisdiction exists here.  *See Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) ("generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction"); *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) ("exercise of jurisdiction by the district court merely preserves the federal forum for federal claims raised by plaintiffs in a federal proceeding, although a similar state action was also filed").[7]

Second, although his argument on this point is unclear, Mattox apparently contends that Judge Hand's remand of the State Court Action precludes this Court from exercising jurisdiction in this case.  According to Mattox, Judge Hand effectively ruled that the "underlying dispute was a matter for the state court."  (Motion, at 3.)   The Court disagrees.  The remand order did not make global pronouncements as to whether the dispute belonged in some metaphysical sense in state court.  It certainly did not purport to hold that claims under 35 U.S.C. § 256 must be litigated in state court.  Instead, it merely concluded that federal jurisdiction was lacking because Southern Water's conversion claims did not implicate federal patent law, but instead alleged conversion of job files, photographs and proprietary data.  Mattox does not explain why Judge Hand's ruling that state-law conversion claims do not give rise to federal jurisdiction should have any bearing at all on whether plaintiffs' claims under 35 U.S.C. § 256 give rise to federal jurisdiction.  These are distinct jurisdictional questions involving different pleadings and different asserted causes of action.  Finding federal jurisdiction here would in no way contradict, undermine or conflict with Judge Hand's remand ruling in the related case.

---

[7] To be sure, in certain narrow, exceptional circumstances, a federal court may properly abstain when there are parallel state court proceedings.  *See, e.g., Ambrosia Coal*, 368 F.3d at 1328 (describing *Colorado River* abstention principles); *Wexler*, 385 F.3d at 1338 (*Younger* abstention).  Inasmuch as Mattox's Motion to Dismiss fails to invoke any recognized form of abstention, the Court will not consider *sua sponte* the propriety of abstention under any such principles.  It is the responsibility of the movant, and not the undersigned, to identify and explicate the legal grounds on which his Motion is based.

Third, Mattox protests that this action is an artful attempt to circumvent the deadline for asserting Rule 13(a) compulsory counterclaims in the State Court Action. The characterization of plaintiffs' § 256 claims as compulsory counterclaims in the State Court Action is erroneous. Under § 1338(a), Gipson and ChemTech would have been barred from presenting a § 256 cause of action in the State Court Action because such a claim is subject to exclusive federal jurisdiction. A claim cannot be a "compulsory counterclaim" in a state court lawsuit if the state court could not have exercised jurisdiction over such a claim. *See Brannan v. Eisenstein*, 804 F.2d 1041, 1044-45 (8th Cir. 1986) (recognizing that state court's compulsory counterclaim rules do not bar claims from being brought in federal court if such claims were subject to exclusive federal jurisdiction, such that they could not have been brought in state court).

### III. Conclusion.

For all of the foregoing reasons, the Complaint adequately pleads causes of action arising under Acts of Congress relating to patents. As such, federal subject matter jurisdiction is conferred by 28 U.S.C. § 1338(a). Defendant's position that Rule 12(b)(1) relief should be granted, notwithstanding § 1338(a), is without merit. The Motion to Dismiss is, therefore, **denied**.[8]

DONE and ORDERED this 21st day of February, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[8] Defendant's Motion requests, in the alternative, "an order staying these proceedings pending the outcome of the Baldwin County Circuit Court action." (Motion, at 4.) But the Motion contains no discussion, legal argument, or citations to authority that might support such relief. The Court cannot and will not resort to guesswork and speculation as to the legal basis of Mattox's request. The conclusory request for a stay is **denied**.